IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 2000 TOYOTA TUNDRA PICKUP TRUCK | : | |
| ASSET ID NO: 07-DEA-486182 | : | |
| | : | |
| v. | : | NO. 08-MC-00032 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**SURRICK, J.**                                                                                                              **MAY 14, 2008**

## MEMORANDUM & ORDER

Presently before the Court is Petitioner Ly Do's Motion for Return of Property, (Doc. No. 1). For the following reasons, Petitioner's Motion will be denied.

**I.    BACKGROUND**

On June 25, 2007, Special Agents of the Drug Enforcement Agency ("DEA") seized the Toyota Tundra Pickup Truck in question from Petitioner. (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(a); Doc. No. 1 ¶ 3.) On July 27, 2007, the DEA sent a Notice of Seizure to Petitioner. (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(b); Doc. No. 2, Ex. 3, Notice of Seizure.) A Notice of Seizure was also published in the *Wall Street Journal* once a week for three successive weeks, on August 6, 2007, August 13, 2007, and August 20, 2007, explaining the option of filing a claim with the DEA Forfeiture Counsel to contest the action. (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(c); Doc. No. 2, Ex. 3, Legal Notice.) The published and mailed notices both stated that the deadline to file a claim was August 31, 2007, or September 20, 2007 if the mailed notice was not received. (*Id.*) The published and mailed notices also explained the option of filing a petition for remission or mitigation. (*Id.*)

The DEA Forfeiture Counsel received a Petition for Remission of the seized vehicle on

August 31, 2007 from Petitioner.  (*Id.* ¶ 4(d).)  The DEA sent a letter confirming receipt of the Petition on September 24, 2007 and advising that an investigation may be conducted.  (*Id.* ¶ 4(e).)  The letter was sent via certified mail, return receipt requested, and it was signed-for upon receipt.  (*Id.*)

On October 10, 2007, since no claims had been filed, the DEA forfeited the Toyota Tundra Pickup Truck to the United States pursuant to 19 U.S.C. § 1609.  (*Id.* ¶ 4(f).)  Petitioner's Petition for Remission was submitted for investigation, with directions to interview Petitioner through counsel.  (*Id.* ¶ 4(g).)  On October 26, 2007, a DEA Special Agent contacted Petitioner's attorney, Stephen Patrizio, who advised the Agent that Petitioner would not make a statement.  (*Id.*)  The DEA denied the Petition for Remission on January 14, 2008, notice of which was received by Petitioner's counsel on February 7, 2008.  (*Id.* ¶ 4(h); Doc. No. 1 ¶ 6.)

**II.    DISCUSSION**

21 U.S.C. § 881(a) provides for the civil forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)."  21 U.S.C. § 881(a)(4) (2008).  The relevant provisions of the customs laws apply to seizures and forfeitures under this provision.  *Id.* § 881(d).

"[T]he civil forfeiture action is brought directly against the property as defendant.  The conceptual basis of the forfeiture is, quite basically, that the property has perpetrated some wrong."  *United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto. Vin No. 2BCCL8132HBS12835*, 972 F.2d 472, 476 (2d Cir. 1992) (citing *United States v. One Mercedes-Benz 380 SEL*, 604 F.Supp. 1307, 1312 (S.D.N.Y. 1984), *aff'd*, 762 F.2d 991 (2d Cir.

1985)).  "Thus, as the action is against the property and not the owner, the action is in rem in nature."  *One 1987 Jeep Wrangler Auto.*, 972 F.2d at 476 (citing *One Mercedes-Benz*, 604 F.Supp. at 1312; *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1435 (11th Cir. 1991)).

"When the seized property is $500,000 or less, the government may use the administrative forfeiture process governed by the customs laws; this process entails no judicial involvement."  *United States v. McGlory*, 202 F.3d 664, 669 (3d Cir. 2000) (citing 19 U.S.C. § 1607; 21 U.S.C. § 881(d)) (internal footnote omitted).  "The government is required to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property."  *Id.* at 669-70 (citing 19 U.S.C. § 1607(a)).

Once notice has been disseminated, "[t]here are two ways in which a person whose vehicle has been seized may obtain relief."  *Menkarell v. Bureau of Narcotics*, 463 F.2d 88, 93 (3d Cir.1972).  One route is a forfeiture proceeding, which may take one of two forms depending on the value of the item seized.  "Any person claiming an interest in the article seized must within twenty days of the date of the first publication of the notice of seizure file a claim stating his interest therein."  *Menkarell*, 463 F.2d at 93.  Claimant must then post bond for the costs of the proceeding.  *Id.*  He may also request a waiver of the bond requirement to proceed *in forma pauperis*.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "If a claimant fails to file timely, the DEA shall declare the property forfeited and such declaration shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in the district court."  *Id.* (citing 19 U.S.C. § 1609(a), (b); 21 C.F.R. § 1316.77(a)).  *See also*

*Menkarell*, 463 F.2d at 93 (citing 19 U.S.C. § 1609) ("If no claim is filed or bond given within the twenty days specified the custodian may declare the article forfeited.").

In the alternative, a person whose vehicle has been seized may petition for remission or mitigation. *Id.*; *see also* 19 U.S.C. § 1618; 19 C.F.R. § 171.11 (1988). "A petition for remission or mitigation 'does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence . . . .'" *Ibarra*, 120 F.3d at 475 (citing *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995) (quoting *United States v. Ruth*, 65 F.3d 599, 604 n.2 (7th Cir. 1995), *cert denied.*, 518 U.S. 1007 (1996))). Under Section 1618, the Secretary of the Treasury is authorized to remit or mitigate a forfeiture if "he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of . . . mitigating circumstances" which would justify a remission. 19 U.S.C. § 1618. "In reaching his decision the Secretary considers the petitioner's verified petition, and causes an investigation to be made." *Menkarell*, 463 F.2d at 93 (citing 21 C.F.R. § 316.81). "There is no provision for disclosing to the petitioner the results of the investigation or for affording an opportunity to be heard." *Id.* "When a party petitions for remission, the validity of the seizure is presumed and the property is returned only as a matter of leniency." *Schrob v. Catterson*, 948 F.2d 1402, 1420 (3d Cir. 1991). "Thus the remission or mitigation route is for all practical purposes a matter of administrative grace." *Menkarell*, 463 F.2d at 93.

In this case, Petitioner did not seek relief through the forfeiture proceeding. Petitioner was given proper notice and instructions on how to proceed, but instead chose the alternative, a petition for remission. (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(d); Doc. No. 1 ¶¶

4

4, 5.)  Under the circumstances, no claim was filed opposing administrative forfeiture, and the validity of the forfeiture was presumed.  (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(f).)  Forfeiture Counsel was therefore left with only one issue to resolve: whether any mitigating circumstances existed, such that remission would be necessary or appropriate.  The Petition for Remission filed by Petitioner provided only cursory information regarding his right to the return of his property.  (Doc. No. 2, Ex. 3, Petition for Remission.)  It said little about "the facts and circumstances which . . . justify remission or mitigation." (Doc. No. 2, Ex. 3, Notice of Seizure.)  "In an attempt to investigate the Petitioner's assertions, a DEA Special Agent contacted the Petitioner's attorney to arrange an interview of the Petitioner."  (Doc. No. 2, Ex. 6, Letter of January 14, 2008 to Mr. Patrizo.)  Petitioner's Counsel advised the DEA that Petitioner would not make a statement.  (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶ 4(g).)  Based upon the failure of Petitioner to proffer any grounds for mitigation, the DEA denied the petition for remission.  (Doc. No. 2, Ex. 6, Letter of January 14, 2008 to Mr. Patrizo.)  The DEA then informed Petitioner's Counsel that the Petitioner could file a request for reconsideration.  (*Id*.)  Petitioner chose not to do so.  (Doc. No. 2, Ex. 2, Affidavit of John Hieronymous ¶¶ 4(h), (i).) Instead, Petitioner brought his claim to this court.

     Petitioner frames the instant claim as a Petition for Return of Property.  (Doc. No. 1.) The Petition does not specifically note the rule or statute under which relief is sought.  However, we assume that relief is sought pursuant to Federal Rule of Criminal Procedure 41(g).  Federal Rule of Criminal Procedure 41(g) was codified as Federal Rule of Criminal Procedure 41(e) prior to 1989, when the 1989 Amendments to the Federal Rules of Criminal Procedure reallocated the rights protected in the rule.  That rule, entitled Motion to Return Property,

permits "[a] person aggrieved by . . . deprivation of property [to] move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g).

We note, however, that a "claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding." *One 1987 Jeep Wrangler Auto.*, 972 F.2d at 479 (citing *In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988)). "Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion." *One 1987 Jeep Wrangler Auto.*, 972 F.2d at 479 (referencing *United States v. Price*, 914 F.2d 1507 (D.C.Cir. 1990)). *See also Ibarra*, 120 F.3d at 474 ("Once the seizing agency commences forfeiture proceedings pursuant to 19 U.S.C.A. § 1607, the seizing agency divests the district court of jurisdiction of the forfeiture proceedings and the court remains without jurisdiction unless an interested party timely files a claim and cost bond pursuant to 19 U.S.C.A. § 1608."); *United States v. Castro*, 883 F.2d 1018, 1020 (11th Cir. 1989) (holding that even a court's equity powers do not allow adjudication under 41(e) unless res is held for purposes of civil forfeiture and not as evidence to a crime or, to deter unlawful conduct of law enforcement officials through the exclusion of evidence obtained illegally); *In re Harper*, 835 F.2d at 1274 (affirming district court's refusal to entertain Rule 41(e) motion where government subsequently instituted civil forfeiture proceedings under 21 U.S.C. § 881(d))). The "overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture once the administrative process has begun." *One 1987 Jeep Wrangler Auto.*, 972 F.2d at 480.

The only remedy available to someone seeking to challenge an administrative forfeiture is a petition to set aside the forfeiture under 18 U.S.C. § 983(e). *See United States v. Triplett*,

240 Fed. Appx. 736, 736-37 (8th Cir. 2007) ("[A] person who does not receive notice in a nonjudicial civil forfeiture may move to set aside the forfeiture, but such motion must be filed within 5 years after the date of final publication of the seizure notice, and is the exclusive remedy to set aside a declaration of forfeiture."); *Turner v. Gonzales*, Civ. A. No. 06-4020, 2007 WL 1302126, at * 2 (7th Cir. May 3, 2007) (noting the only remedy for administrative forfeiture is a motion to set aside the forfeiture). Not only has Petitioner failed to seek such relief, he does not qualify for such relief under the statute. Accordingly, we are compelled to deny the Petition.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 2000 TOYOTA TUNDRA PICKUP TRUCK | : | |
| ASSET ID NO: 07-DEA-486182 | : | |
| | : | |
| v. | : | NO. 08-MC-00032 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**ORDER**

AND NOW, this 14th day of May, 2008, upon consideration of Petitioner Ly Do's Petition for Return of Property, (Doc. No. 1), it is ORDERED that the petition is DENIED.

IT IS SO ORDERED.

BY THE COURT:


/s/ *R. Barclay Surrick, Judge*
U.S. District Court Judge